**LAW OFFICE OF JERRY L. STEERING**
Jerry L. Steering, Esq. (SBN 122509)
4063 Birch Street, Suite 100
Newport Beach, CA 92660
Telephone: (949) 474-1849
Facsimile: (949) 474-1883
Email: jerrysteering@yahoo.com

**LAW OFFICE OF GREGORY PEACOCK**
Gregory Peacock, Esq. (SBN 277669)
4063 Birch Street, Suite 100
Newport Beach, CA 92660
Telephone: (949) 292-7478
Email: gregorypeacockesq@gmail.com

Attorneys for Plaintiffs Debra Sigler, Manuel Sigler and Melissa Grasso

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBRA SIGLER, MANUEL SIGLER and MELISSA GRASSO, | ) Case No.<br>)<br>) **COMPLAINT FOR DAMAGES FOR:** |
| Plaintiffs,<br>vs.<br>COUNTY OF RIVERSIDE; WAYNE TURNER; DANIEL GODNICK; and DOES 1 through 100, inclusive,<br>Defendants. | ) 1. Due Process – Interference with Familial Relationship (42 U.S.C. 42 § 1983);<br>) 2. Municipal Liability – Inadequate Training (42 U.S.C. 42 § 1983);<br>) 3. Municipal Liability – Custom / Practice / Policy (42 U.S.C. 42 § 1983);<br>) **JURY TRIAL DEMANDED** |

**COMES NOW** Plaintiffs Debra Sigler, Manuel Sigler and Melissa Grasso, hereby allege and complain as follows:

COMPLAINT FOR DAMAGES

1

## JURISDICTIONAL ALLEGATIONS

1. As this action is brought under 42 U.S.C. § 1983, this court has jurisdiction over this case under its federal question jurisdiction pursuant to 28 U.S.C. § 1331.

2. As the incidents complained of in this action occurred in the County of Riverside, State of California, within the territorial jurisdiction of this court, venue properly lies in this court pursuant to 28 U.S.C. § 1391(b)(2).

## GENERAL ALLEGATIONS

3. Plaintiff Debra Sigler, is a natural person, who, at all times complained of in this action, resided in the County of Riverside, State of California. Debra Sigler is also the legal and natural mother of Decedent Brandon Sigler.

4. Plaintiff Manuel Sigler, is a natural person, who, at all times complained of in this action, resided in the County of Riverside, State of California. Manuel Sigler is also the legal and natural father of Decedent Brandon Sigler.

5. Plaintiff Melissa Grasso, is a natural person, who, at all times complained of in this action, resided in the County of Riverside, State of California. Melissa Grasso is also the natural sister of Decedent Brandon Sigler.

6. Brandon Sigler died intestate on August 24, 2022, as a direct and proximate result of the conduct of the defendants complained of in this action.

7. Defendant County of Riverside, hereinafter also referred to as "COUNTY",

is a municipal entity located in the State of California; within the territorial jurisdiction of this court.

8.   Defendant Wayne Turner, hereinafter also referred to as "TURNER" is and at all times complained of herein, was, a peace officer, a police officer, employed by the Riverside County Sheriff's Department, acting as an individual person under the color of state law, in his individual capacity and was acting in the course of and within the scope of his employment with defendant COUNTY.

9.   Defendant Daniel Godnick, hereinafter also referred to as "GODNICK" is and At all times complained of herein, was, a peace officer, a police officer, employed by the Riverside County Sheriff's Department, acting as an individual person under the color of state law, in his individual capacity and was acting in the course of and within the scope of his employment with defendant COUNTY.

10.   Defendants DOES 1 through 6, inclusive, are sworn peace officers and / or police officers and/or investigators and/or Special Officers and/or a dispatchers and/or some other public officer, public official or employee of defendant COUNTY and/or otherwise employed by the Riverside County Sheriff's Department, who in some way committed some or all of the tortious actions (and constitutional violations) complained of in this action, and/or are otherwise responsible for and liable to plaintiff for the acts complained of in this action, whose identities are, and remain unknown to plaintiff, who

will amend their complaint to add and to show the actual names of said DOE defendants when ascertained by plaintiffs.

11.     At all times complained of herein, DOES 1 through 6, inclusive, were acting as individual persons acting under the color of state law, pursuant to their authority as sworn peace officers and/or police officers and/or Special Officers and/or Supervisors (i.e. Sergeants, Lieutenants, Captains, Commanders, etc.) and/or dispatchers, employed by the Riverside County Sheriff's Department, and were acting in the course of and within the scope of their employment with defendant COUNTY.

12.     Defendants DOES 7 through 10, inclusive, are sworn peace officers and/or the Sheriff and/or Assistant Sheriffs and/or Commanders and/or Captains and/or Lieutenants and/or Sergeants and/or other Supervisory personnel and/or policy making and/or final policy making officials, employed by Riverside County Sheriff's Department and/or defendant COUNTY, who are in some substantial way liable and responsible for, or otherwise proximately caused and/or contributed to the occurrences complained of by plaintiff in this action, such as via supervisory liability (i.e. failure to properly supervise, improperly directing subordinate officers, approving actions of subordinate officers), via bystander liability (failing to intervene in and stop unlawful actions of their subordinates and/or other officers), and such as by creating and/or causing the creation of and/or contributing to the creation of the policies and/or practices and/or customs and/or usages of the Riverside County Sheriff' Department for, *inter alia*,: 1) failing to adequately

provide medical care; 2) fabricating evidence; and 3) covering up tortious conduct by Riverside County Sheriff's Department peace officers.

13. At all times complained of herein, DOES 7 through 10, inclusive, were acting as individual persons acting under the color of state law, pursuant to their authority as the Sheriff and/or the Assistant Sheriffs and/or Captains and/or Lieutenants and/or Sergeants and/or other Supervisory personnel and/or policy making and/or final policy making officials with the Riverside County Sheriff's Department, and/or some other public official(s) with defendant COUNTY, and were acting in the course of and within the scope of their employment with defendant COUNTY.

14. At all times complained of herein, defendants DOES 7 through 10, inclusive, were acting as individual persons under the color of state law; under and pursuant to their status and authority as peace officers and/or Supervisory peace officers (as described herein, above and below), and/or policy making peace officers, with the Anaheim Police Department and/or otherwise with defendant COUNTY[1].

15. Plaintiffs are presently unaware of the identities of DOES 1 through 10, inclusive, and will amend their complaint to add and to show the actual names of said DOE defendants, when made known to plaintiffs.

16. In addition to the above and foregoing, Defendants TURNER, GODNICK and DOES 1 through 6, inclusive, acted pursuant to a conspiracy, agreement and

---

[1] Such as a COUNTY executive officer.

COMPLAINT FOR DAMAGES
5

understanding and common plan and scheme to deprive the plaintiffs and decedent of their federal Constitutional and statutory rights, and California constitutional and statutory state law rights, as complained of in this action.

17.     Defendants TURNER, GODNICK, and DOES 1 through 6, inclusive, acted in joint and concerted action to so deprive the plaintiffs of those rights as complained of herein; all in violation of 42 U.S.C. § 1983, and otherwise in violation of United States (Constitutional and statutory) law and California (Constitutional and statutory) state law.

18.     Said conspiracy / agreement / understanding / plan / scheme / joint action / concerted action, above-referenced, was a proximate cause of the violation of the plaintiff's federal and state constitutional and statutory rights, as complained of herein.

**FIRST CAUSE OF ACTION**
**VIOLATION OF 42 U.S.C. § 1983**
**LOSS OF FAMILIAL RELATIONSHIP WITHOUT DUE PROCESS OF THE LAW UNDER THE FOURTH AND FOURTEENTH AMENDMENTS**
**(By all Plaintiffs, Against TURNER, GODNICK, and DOES 1 through 6, inclusive)**

19.     Plaintiffs hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 18, inclusive, above, as if set forth in full herein.

20.     On August 24, 2020, Decedent Brandon Sigler was in a remote area of Anza, California when a pistol that was in his pocket accidently discharged – causing a bullet to pass through Brandon Sigler's leg.

21. Mr. Sigler's friend, Mr. Doyle, was able to put Mr. Sigler into a truck and drive him to a less remote area so that it would be easier for medical aide to get to Mr. Sigler.

22. Mr. Doyle also called 911 to report what had occurred and that Mr. Sigler was bleeding badly and needed medical aid.

23. Mr. Doyle reached a main road and waited for first responders. Mr. Doyle remained on the phone with the 911 dispatcher.

24. Mr. Doyle was doing what he could to help prevent Mr. Sigler to continue to lose blood, including putting his finger into Mr. Sigler's wound.

25. Defendants TURNER, GODNICK and DOES 1 through 6, inclusive, were dispatched to Mr. Sigler's location, along with paramedics from American Medical Response, Inc.

26. Paramedics arrived close in time to when TURNER, GODNICK and DOES 1 through 6, inclusive, arrived on scene.

27. The paramedics were instructed to stage in an area away from Mr. Sigler was located and to wait for TURNER, GODNICK and DOES 1 through 6, inclusive, to allow them near Mr. Sigler.

28. The paramedics were staged approximately 30-seconds away from where Mr. Sigler was located.

29. TURNER, GODNICK, and DOES 1 through 6, inclusive, then approached Mr. Sigler and Mr. Doyle. TURNER, GODNICK and DOES 1 through 6, inclusive, ordered Mr. Doyle to walk towards them with his hands out.

30. Mr. Doyle stopped attempting to render aid to Mr. Sigler and complied with the defendants' orders.

31. TURNER, GODNICK, and DOES 1 through 6, inclusive then had Mr. Doyle take them to Mr. Sigler.

32. When TURNER, GODNICK and DOES 1 through 6, inclusive, approached Mr. Sigler, they could see that Mr. Sigler had a gun shot wound entering the front of his thigh and an exit wound on the backside of his thigh.

33. When Defendants TURNER, GODNICK and DOES 1 through 6, inclusive, first approached Mr. Sigler, they observed that Mr. Sigler was breathing; was conscious; had a pulse; had his eyes open; appeared pale; and that it appeared that he was trying to say something to the defendants. Defendant GODNICK also stated in his report that Mr. Sigler was "bleeding profusely".

34. Defendants TURNER, GODNICK and DOES 1 through 6, inclusive, took over rendering aid to Mr. Sigler from Mr. Doyle and took custody of Mr. Sigler.

35. Defendant GODNICK placed a knit cap over Mr. Sigler's entry wound.

COMPLAINT FOR DAMAGES
8

36. The defendants' initial assessment of Mr. Sigler took several minutes, yet they did not call the paramedics in from their staging area. All the while, Mr. Sigler is continuing to bleed profusely.

37. While Defendants TURNER, GODNICK and DOES 1 through 6, inclusive, were conducting their initial assessment of Mr. Sigler, they deliberated over whether to place a tourniquet on Mr. Sigler's leg and ultimately chose not to, notwithstanding the fact that they saw that he was bleeding profusely from his thigh.

38. TURNER, GODNICK and DOES 1 through 6, inclusive, had apparently then learned that there was an outstanding arrest warrant for Mr. Doyle for a non-violent crime.

39. TURNER, GODNICK and DOES 1 through 6, inclusive, then began placing Mr. Doyle into custody.

40. While the defendants were placing Mr. Doyle into custody, defendants TURNER, GODNICK and DOES 1 through 6, inclusive, had still not called the paramedics in from their staging area and still had not placed on a tourniquet on Mr. Sigler's leg. All the while, Mr. Sigler is continuing to bleed profusely.

41. TURNER, GODNICK and DOES 1 through 6, inclusive, eventually allowed the paramedics to enter the area and provide aid to Mr. Sigler. However, by the time the paramedics were allowed to reach Mr. Sigler, it was too late. Mr. Sigler no longer had a pulse and had died from blood loss.

COMPLAINT FOR DAMAGES

42. The failure of TURNER, GODNICK and DOES 1 through 6, inclusive, to provide any treatment to Brandon Sigler and failure to timely allow paramedics to render aid to Brandon Sigler ultimately caused Brandon Sigler to die.

43. The complete failure of TURNER, GODNICK and DOES 1 through 6, inclusive, deprived Plaintiffs and Brandon Sigler of their Familial Relationship, guaranteed to them under the Fourteenth Amendment to the United States Constitution

44. The failure to provide medical care for Brandon Sigler that resulted in the unlawful killing of him by TURNER, GODNICK and DOES 1 through 6, inclusive, was done intentionally and was done in a manner that constituted a deliberate indifference to and reckless disregard of Brandon Sigler's life and to said Familial Relationship, and constituted outrageous behavior that is shocking to the conscience.

45. Defendant TURNER, GODNICK and DOES 1 through 6, inclusive, intentionally deprived Brandon Sigler of medical care.

46. The lack of medical care put Brandon Sigler at a substantial risk of suffering serious harm and death.

47. At the time of Brandon Sigler's death, Brandon Sigler faced a serious medical need and faced a substantial risk of serious harm or death.

48. Defendants TURNER, GODNICK and DOES 1 through 6, inclusive, failed to take reasonable measures to abate or reduce the risk of serious harm or death, even though a reasonable peace officer under the circumstances would have understood the

COMPLAINT FOR DAMAGES
10

high degree of risk involved – making the consequences of the defendants' conduct obvious.

49. By failing to provide medical care, TURNER, GODNICK and DOES 1 through 6, inclusive, caused the death of Brandon Sigler.

50. TURNER, GODNICK and DOES 1 through 6, inclusive, were deliberately indifferent to the risks that Brandon Sigler faced and to the medical care that he required.

51. The affirmative conduct of TURNER, GODNICK and DOES 1 through 6, inclusive, also placed Brandon Sigler in a position of an actual, particularized danger by creating or exposing Brandon Sigler to a danger that he would not have otherwise faced.

52. The unlawful killing of Brandon Sigler, by TURNER, GODNICK, and DOES 1 through 6, inclusive, above-referenced, also caused Plaintiffs to suffer the loss of Brandon Sigler's society, solace and comfort, companionship, as well as caused them to suffer great mental, emotional and distress, pain and suffering in an amount in excess of $10,000,000.

53. The actions by said defendants were committed maliciously, oppressively and in reckless disregard of Plaintiffs' constitutional rights, sufficient for an award of punitive / exemplary damages against all defendants and each of them, in an amount in excess of $5,000,000.

///

///

# SECOND CLAIM FOR RELIEF
### (42 U.S.C. § 1983)
### Municipal Liability —Failure to Train
### (Against Defendant COUNTY)

54. Plaintiffs hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 53, inclusive, above, as if set forth in full herein.

55. Defendant TURNER, GODNICK, and DOES 1 through 6, inclusive, acted under the color of law.

56. The acts of TURNER, GODNICK, and Defendants DOES 1 through 6, inclusive, deprived Brandon Sigler and Plaintiffs of their particular rights under the United States Constitution.

57. The training policies of COUNTY were not adequate to train its peace officers to handle the usual and recurring situations with which they must deal. Specifically, COUNTY has failed to train their peace officers on how and when to provide medical care to persons they take custody of, including when and how to apply a tourniquet and how to identify a person who is bleeding to death.

58. Defendant COUNTY was deliberately indifferent to the obvious consequences of its failure to train its officers adequately.

59. The failure of COUNTY to provide adequate training caused the deprivation of Brandon Sigler's and Plaintiffs' rights by TURNER, GODNICK, and DOES 1 through 20, inclusive; that is, defendants' failure to train is so closely related to the deprivation of

Brandon Sigler's and Plaintiffs' rights as to be the moving force that caused the ultimate injury.

60. On information and belief, COUNTY failed to train DOES 1 through 6, inclusive, properly and adequately.

61. Accordingly, Defendants COUNTY is liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

62. By reason of the aforementioned acts and omissions, Brandon Sigler and Plaintiffs have suffered loss of love, companionship, comfort, care, society, training, guidance, and past and future support. The aforementioned acts and omissions also cause Plaintiffs' pain and suffering, loss of enjoyment of life and death. plaintiffs incurred other special and general damages and expenses in an amount in excess of $10,000,000.

**THIRD CLAIM FOR RELIEF**
**(42 U.S.C. § 1983)**
**Municipal Liability —Unconstitutional Custom, Practice and/or Policy**
**(By all Plaintiffs, Against Defendant COUNTY)**

63. Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 62, inclusive, above, as if set forth in full herein.

64. Defendants TURNER, GODNICK, and DOES 1 through 6, inclusive, acted under the color of law.

65. The acts of Defendants TURNER, GODNICK and DOES 1 through 6, inclusive, deprived Plaintiffs and Brandon Sigler of their particular rights under the United States Constitution.

66. Defendants TURNER, GODNICK and DOES 1 through 6, inclusive, acted pursuant to an expressly adopted official policy or a longstanding practice or custom of COUNTY.

67. On information and belief, Defendants TURNER, GODNICK and DOES 1 through 6, inclusive, were not disciplined, reprimanded, restrained, suspended or otherwise penalized in connection with Brandon Sigler's death.

68. Defendants COUNTY, including policymakers and supervisors, maintained, *inter alia*, the following unconstitutional customs, practices and policies:

(a) Providing inadequate training regarding providing proper medical care;
(b) Providing inadequate training on recognizing medical emergencies;
(c) Providing inadequate training regarding encounters with individuals with mental illnesses or other disabilities;
(d) Providing inadequate training on how and when to apply a tourniquet;
(e) Employing and retaining as peace officers individuals such as TURNER, GODNICK and DOES 1 through 6, inclusive, who Defendant COUNTY at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for failing to properly rendering aid;
(f) Inadequately supervising, training, controlling, assigning, and disciplining peace officers, and other personnel, including TURNER, GODNICK and

DOES 1 through 6, inclusive, who Defendant COUNTY knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits;

(g)  Failing to adequately discipline COUNTY peace officers, including Defendants TURNER, GODNICK and DOES 1 through 6, inclusive, for the above-referenced categories of misconduct, including "slaps on the wrist" discipline that is so slight as to be out of proportion to the magnitude of the misconduct, and other inadequate discipline that is tantamount to encouraging misconduct;

(h)  Encouraging, accommodating, or facilitating a "blue code of silence," "blue shield," "blue wall," "blue curtain," "blue veil," or simply "code of silence," pursuant to which peace officers do not report other officers' errors, misconduct, or crimes. Pursuant to this code of silence, if questioned about an incident of misconduct involving another officer, while following the code, the officer being questioned will claim ignorance of the other officers' wrongdoing;

69. By reason of the aforementioned acts and omissions, Plaintiffs and Brandon Sigler suffered loss of love, companionship, comfort, care, society, training, guidance, and past and future support.

70.    Defendant COUNTY, including various officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above, these defendants condoned, tolerated and through actions and inactions thereby ratified such policies. Said defendants also acted with deliberate indifference to the foreseeable

effects and consequences of these policies with respect to the constitutional rights of Brandon Sigler, Plaintiffs and other individuals similarly situated.

71. By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, COUNTY acted with intentional, reckless, and callous disregard for the life of Brandon Sigler and for Plaintiffs' constitutional rights. Furthermore, the policies, practices, and customs implemented, maintained, and still tolerated by COUNTY were affirmatively linked to and were a significantly influential force behind the injuries of Brandon Sigler and Plaintiffs.

72. Accordingly, COUNTY is liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

73. By reason of the aforementioned acts and omissions, Brandon Sigler and Plaintiffs have suffered loss of love, companionship, comfort, care, society, training, guidance, and past and future support. The aforementioned acts and omissions also cause Plaintiffs' pain and suffering, loss of enjoyment of life and death. plaintiffs incurred other special and general damages and expenses in an amount in excess of $10,000,000.

**WHEREFORE**, plaintiffs pray for judgment as follows:

a) For a judgment against all defendants for compensatory damages, in excess of $10,000,000,

b) For a judgment against all defendants, save defendant State of California and County of Riverside, for punitive damages, in excess of $5,000,000;

c) For an award of reasonable attorney's fees and costs;

d) For a trial by jury; and

e) For such other and further relief as this honorable court deems just and equitable.

                                         */S/ Gregory Peacock*
                                         GREGORY PEACOCK